6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 0 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| KELLY WAYNE WATSON | § |
| | § |
| | §   CIVIL ACTION NO. B-01-023 |
| VS. | § |
| | § |
| COUNTY OF WILLACY, WILLACY | § |
| COUNTY SHERIFF'S DEPARTMENT | § |
| and LARRY SPENCE, Individually | § |

**DEFENDANTS' MOTION TO COMPEL RULE 7(a) REPLY**

Respectfully submitted,
WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
Ryan Henry
State Bar No. 24007347
Fed ID. No. 22968

Attorneys for Defendants

# TABLE OF CONTENTS

| | |
|---|---|
| Table of Contents | 2 |
| Table of Authorities | 3 |
| Statement of the Nature and State of the Proceeding | 4 |
| Statement of the Issues to be Ruled upon by the Court | 4 |
| Argument | 5 |
| Conclusion | 6 |
| Certificate of Service | 7 |
| Certificate of Conference | 7 |

# TABLE OF AUTHORITIES

## CASES

*Fee v. Herndon*, 900 F. 2d 804 (5th Cir. 1990)
*cert. denied*, 498 U. S. 908, 111 S. Ct 279(1990).................................................................6

*Leatherman v. Tarrant County Narcotics Intelligence
& Coordination unit*, 507 U.S. 163, 113 S. Ct. 1160,
122 L.Ed. 517 (1993)...............................................................................................5

*Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995)(en banc)................................................5 & 6

*Thompkins v. Belt*, 828 F. 2d 298, 303 (5th Cir. 1987).......................................................6

*Thompson v. Steel*, 709 F. 2d 381 (5th Cir. 1983),
*cert. denied*, 464 U.S. 897 (1983).................................................................................6

## STATUTES

42 U.S.C. § 1983...................................................................................................4
U. S. Const. 4th Amd..............................................................................................4
U. S. Const. 5th Amd..............................................................................................4
U. S. Const. 14th Amd.............................................................................................4

## RULES

Rule 7(a)................................................................................................... 4, 5 & 6



```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF TEXAS
                              BROWNSVILLE DIVISION
```

KELLY WAYNE WATSON §
§
§ CIVIL ACTION NO. B-01-023
VS. §
§
COUNTY OF WILLACY, WILLACY §
COUNTY SHERIFF'S DEPARTMENT §
and LARRY SPENCE, Individually §

*United States District Court*
*Southern District of Texas*
*FILED*

*FEB 2 0 2001*

*Michael N. Milby*
*Clerk of Court*

## DEFENDANT'S MOTION TO COMPEL RULE 7(a) REPLY

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COME Defendant Larry Spence, individually and files this his Motion to Compel Rule 7(a) Reply and for cause would show as follows:

### I.
### STATEMENT OF THE NATURE AND STATE OF THE PROCEEDING

On the face of Plaintiff's complaint, Plaintiff Kelly Wayne Watson, brings his claims against Defendants Willacy County and Sheriff Larry Spence, individually under 42 U.S.C. §1983 alleging the Defendants violated his Fourth, Fifth, and Fourteenth Amendment rights guaranteed by the United States Constitution. Plaintiff alleges the Defendants violated his rights by allowing an unauthorized person into his home. The individual Defendant Larry Spence now files this Motion to Compel a Rule 7(a) Reply.

### II.
### STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT:

Plaintiff has brought suit alleging the Defendants violated his Fourth, Fifth, and Fourteenth Amendment rights guaranteed by the United States Constitution. Individual Defendant Larry Spence now brings this Motion to Compel a Rule 7(a) Reply as the Plaintiff failed to specify what act

4

Defendant Spence performed that would subject him to liability. Defendant Spence is entitled to qualified immunity. Plaintiff is required to plead with specificity as to the precise actions of the individual Defendant that allegedly violated the Plaintiff's constitutional rights in order to overcome Defendant Spence's right to qualified immunity. Plaintiff has failed to do so.

### III.
### ARGUMENT

In *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995)(en banc) the United States Court of Appeals for the Fifth Circuit considered the continued validity of the heightened pleading requirement previously associated with the qualified immunity defense in this circuit in the aftermath of *Leatherman v. Tarrant County Narcotics Intelligence & Coordination unit*, 507 U.S. 163, 113 S. Ct. 1160, 122 L.Ed. 517 (1993). In *Schultea*, Judge Higgenbotham, writing for the court, revived the Federal Rule 7(a) "reply" as a means by which the district court could require a Plaintiff asserting claims against a public official to go beyond mere conclusory allegations and state specific claims which abrogate the qualified immunity defense. As the court stated,

> [w]hen a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the Plaintiff to reply to that defense <u>in detail</u>.

*Schultea*, 47 F.3d at 1433 (emphasis added). In fact, the court suggests that the utilization of the Rule 7(a) reply should become normal practice in this federal circuit in future qualified immunity practice. Judge Higgenbotham adds, "[v]indicating the immunity doctrine will ordinarily <u>require</u> such a reply, and a district court's discretion not to do so is <u>narrow</u> indeed when greater detail might assist." *Id.* at 1434 (emphasis added). The Plaintiff here has failed to plead facts which, if true, would overcome the Defendant's right to qualified immunity.

5

Specifically, with regards to the Sheriff Larry Spence, the Plaintiff does not allege any individual, personal involvement of Defendant Spence. The Fifth Circuit has held that "personal involvement is an essential element in a civil rights cause of action." *Thompson v Steel,* 709 F.2d 381 (5th Cir. 1983), cert. denied, 464 U.S. 897 (1983). A Plaintiff bringing a civil rights cause action must state particular facts specifying the personal involvement of each defendant if the Plaintiff expects his complaint to be sustained. *Fee v. Herndon,* 900 F.2d 804 (5th Cir.1990) cert. denied, 498 U.S. 908, 111 S. Ct 279 (1990). The Plaintiff has not plead with specificity any personal involvement on the part of Defendant Spence This does not meet the specificity requirements of *Schultea.*

The facts Plaintiff alleges are not sufficient to overcome Defendant's right to qualified immunity with respect to claims brought against Defendant Spence in his individual capacity. The Plaintiff is attempting to hold Defendant Spence personally liable for the Plaintiff's alleged injuries simply because of his position as sheriff. In a Section 1983 suit, supervisory officials are not liable for the actions of their subordinates on *any* theory of vicarious liability. *Thompkins v. Belt,* 828 F. 2d 298, 303 (5th Cir. 1987). As a result, the individual Defendant Larry Spence moves the court to order Plaintiff to file a Rule 7(a) reply.

### IV.
### CONCLUSION

Defendant Spence is entitled to Qualified Immunity and moves this Court to compel Plaintiff to replead in conformity with the pleading requirements announced in *Schultea,* or in the alternative, dismiss Plaintiff's claims as to Defendant Spence.

WHEREFORE, PREMISES CONSIDERED, Defendant Spence prays that this Motion to Compel Rule 7(a) Reply be granted and that Plaintiff be required to reply to said motion. Defendant

Spence further prays for such other and further relief, at law or in equity, to which he may show himself to be justly entitled.

Signed on February 20, 2001.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone:   (956) 541-1846
Facsimile:   (956) 541-1893

By: _____
Ryan Henry
State Bar No. 24007347
Fed ID. No. 22968

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing, has been served on all counsel of record, via certified mail return receipt requested to the following:

Mr. Thomas M. Thomson
Law Offices of Thomas M. Thomson
200 East Cano
Edinburg, Texas 78539

_____
Ryan Henry

## CERTIFICATE OF CONFERENCE

The undersigned contacted counsel for the Plaintiff regarding this motion. Plaintiff's counsel was opposed to the filing of this motion.

_____
Ryan Henry

7