14

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 1 0 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Kelly Wayne Watson, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-01-23 |
| | § | |
| County of Willacy, et al., | § | |
| | § | |
| Defendants. | § | |

### ORDER

BE IT REMEMBERED that on May 10, 2001, the Court considered the Defendants' 12(b)(6) Partial Motion to Dismiss [Dkt. No. 5] and Motion to Compel Rule 7(a) Reply [Dkt. No. 6]. For the following reasons, the Court **GRANTS** both motions.

I. **None of the Defendants are federal actors against which a Fifth Amendment violation may be alleged**

The Fifth Amendment of the United States Constitution only applies to a violation of constitutional rights by the United States or by a federal actor. See <u>Jones v. City of Jackson</u>, 203 F.3d 875, 880 (5th Cir. 2000). However, the Defendants County of Willacy and the Willacy County Sheriff's Department are municipal entities of the State of Texas, and Defendant Larry Spence is an individual who works for the Willacy County Sheriff's Department as a sheriff. Since none of the Defendants are federal actors, the Court finds that the Plaintiff cannot state a claim for which relief can be granted under the Fifth Amendment. Therefore, the Plaintiff's claim for violations of the Fifth Amendment of the United States Constitution is hereby **DISMISSED** pursuant to Federal Rule of Procedure 12(b)(6).

II. **The Plaintiff's complaint does not plead sufficient detail in the face of Defendant Larry Spence's assertion of qualified immunity**

The routine rules of notice pleading do not apply when a plaintiff sues a public official in their individual capacity under 42 U.S.C. § 1983, and the defendant asserts the affirmative defense of qualified immunity.  Once an individual defendant claims immunity, he or she may request or the court may independently order the plaintiff to file a Federal Rule of Civil Procedure 7(a) reply that complies with a heightened pleading standard.  See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc).  In some situations, it may be reversible error to dismiss a case based on qualified immunity if a Rule 7(a) reply is not ordered.  See Reyes v. Sazan, 168 F.3d 158, 160-61 (5th Cir. 1999); Morrin v. Caire, 77 F.3d 116,121 (5th Cir. 1996); Todd v. Hawk, 72 F.3d 443, 446 (5th Cir. 1995); Schultea, 47 F.3d at 1436 n.1 (concurring opinion of Judge Emilio Garza).

The Court finds that the Plaintiff's complaint does not contain sufficient detail in the face of Defendant Larry Spence's assertion of the defense of qualified immunity.  Indeed, the Plaintiff's complaint does not allege any involvement of Defendant Spence with regards to the incident that gives rise to the Plaintiff's civil rights claims.  Therefore, the Court **ORDERS** the Plaintiff to file a Rule 7(a) reply that complies with the heightened pleading standard pursuant to Schultea by June 11, 2001.

III. **Conclusion**

In sum, the Court:

1) **GRANTS** Defendants' 12(b)(6) Partial Motion to Dismiss [Dkt. No. 5] and therefore **DISMISSES** the Plaintiff's claim for violation of Fifth Amendment rights; and

2)   **GRANTS** Defendant's Motion to Compel Rule 7(a) Reply [Dkt. No. 6].

The Plaintiffs are **ORDERED** to file a Rule 7(a) reply by June 11, 2001.

DONE at Brownsville, Texas, this 10th day of May 2001.

Hilda G. Tagle
United States District Judge