*/7*

United States District Court
Southern District of Texas
FILED

JUN 0 5 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KELLY WAYNE WATSON | § | |
| | § | |
| | § | CIVIL ACTION NO. B-01-023 |
| VS. | § | |
| | § | |
| COUNTY OF WILLACY, WILLACY | § | |
| COUNTY SHERIFF'S DEPARTMENT | § | |
| and LARRY SPENCE, Individually | § | |

## PLAINTIFF'S AND DEFENDANTS' JOINT DISCOVERY/CASE MANAGEMENT PLAN

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COME Defendants, and file this their Joint Discovery/Case Management Plan, as

required by the Cost and Delay Reduction Plan in the Civil Justice Reform Act of 1990 adopted by

the Court on October 24, 1991.

1.  State where and when the meeting of the parties required by Rule 26(f) was held, and
    identify the counsel who attended for each party.

    **The initial meeting was held on May 30, 2001 between Thomas Thomson, attorney for
    the Plaintiff and Ryan Henry, Attorney for Defendants.**

2.  List the cases related to this one that are pending in any state or federal court, with
    the case number and court.

    **None.**

3.  Briefly describe what this case is about.

    **The Plaintiff alleges the Defendants violated his constitutional rights. He alleges a
    Willacy County Sheriff's Deputy allowed an individual by the name of Sheryl Reynolds
    to enter his property without permission and take several pieces of property that belong
    to him. He alleges such conduct was in violation of the Fourth, Fifth and Fourteenth
    Amendments rights to the United States Constitution.**

CHsPDF – www.fusto.com

4.      Specify the allegation of federal jurisdiction.

**Plaintiffs are bringing this suit under 42 U.S.C. §§1983 for the alleged violation of his 4th, 5th and 14th, Amendment rights under the United States Constitution. Jurisdiction is proper pursuant to 28 U.S.C. § 1330 as well as § 1343.**

5.      Name the parties who disagree and the reasons.

**At this time there are no disagreements other than liability and damages.**

6.      List anticipated additional parties that should be included, when they can be added, and by who they are wanted.

**None anticipated at this time.**

7.      List anticipated interventions.

**None at this time.**

8.      Describe class-action issues.

**None at this time.**

9.      State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**The parties will exchange disclosures by June 18, 2001.**

10.     Describe the proposed agreed discovery plan, including:

A.      Responses to all the matter raised in Rule 26(f).

(a)     **Rule 26(f)(1)- See response to Number 9**
(b)     **Rule 26(f)(2)- Plaintiff and Defendants will conduct discovery based upon claims made and defenses asserted in this lawsuit. Plaintiff and Defendants anticipate discovery will be completed within 120 days.**
(c)     **Rule 26(f)(3)- No changes need at this time, subject to arrangements of the parties**
(d)     **Rule 26(f)(4)-**

B.      When and to whom the plaintiff anticipates it may send interrogatories.

**Plaintiffs anticipate sending out discovery including Interrogatories, Requests**

2

for Admissions, and Requests for Production by July 13, 2001.

C.      When and to whom the defendants anticipate it may send
        interrogatories.

        **Defendant anticipates sending out discovery including Interrogatories, Requests
        for Admissions, and Requests for Production by July 30, 2001.**

D.      Of whom and by when the plaintiff anticipated taking oral
        depositions.

        **Plaintiffs anticipate needing the deposition of the officer involved.**

        **Plaintiffs anticipate that they may need to take two or three additional
        depositions of witnesses who may surface as discovery progresses.**

        **Plaintiffs will take these depositions at a time convenient to both Plaintiff's and
        Defendants' counsel.**

E.      Of whom and by when the defendants anticipate taking oral
        depositions.

        **Defendant anticipates the need to take the depositions of Plaintiff Kelly Watson.
        Defendant also anticipates the need to take the deposition of Sheryl Reynolds.**

        **Defendant anticipates that it may need to take two or three additional
        depositions of witnesses who may surface as discovery progresses.**

        **Defendant will take these depositions at a time convenient to both Plaintiffs and
        Defendants counsel.**

F.      When the plaintiff (or party the party with the burden of proof on an
        issue) will be able to designate experts and provide the reports
        required by Rule 26(a)(2)(B), and when the opposing party will be
        able to designate responsive experts and provide their reports.

        **Plaintiffs anticipate designating their experts and providing reports by August
        17, 2001. Defendant anticipates designating their responsive experts and
        providing reports by September 17, 2001.**

G.      List expert depositions the Plaintiff (or the party with the burden of
        proof on an issue) anticipates taking and their anticipated completion
        date.  See Rule 26(a)(2)(b) (experts report).

        **Plaintiffs may depose all experts listed by Defendant and will likely do so within**

3

>**30 days of their designation and Plaintiffs' receipt of Defendant's experts' reports.**
>**This deposition will be scheduled for a mutually convenient time for the physician, the Defendant and the Plaintiffs.**

H.    List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

>**Defendant may depose all experts listed by Plaintiffs and will likely do so within 60 days of their designation and Defendant's receipt of Plaintiff's experts' reports.**

>**This deposition will be scheduled for a mutually convenient time for the physician, the Defendant and the Plaintiffs.**

11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**Counsel have no disagreements at this time.**

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

**None.**

13.    State the date the planned discovery can reasonably be completed.

**Within 120 days of the initial scheduling conference.**

14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**The parties have already attempted mediation.**

15.    Describe what each party has done or agreed to do to bring about a prompt resolution.

**The parties have already attempted mediation.**

16.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**The parties have already attempted mediation.**

17.   Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**The Parties do not agree to the use of a magistrate.**

18.   State whether a jury demand has been made and if it was made on time.

**Plaintiff has filed a jury demand.**

19.   Specify the number of hours it will take to present the evidence in this case.

**At this time, the parties anticipate three (3) eight (8) hour days.**

20.   List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**Currently there are no pending motions.**

21.   List other motions pending.

**None.**

22.   Indicate other matter peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**None.**

23.   Certify that all parties have filed Disclosure of Interested Partes as directed in the Order for conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

**Defendant filed their Disclosure of Interested Parties on February 28, 2001.**

**Plaintiffs filed their Disclosure of Interested Parties on May 25, 2001.**

24.   List the names, bar numbers, addresses and telephone numbers of all counsel.

Defendant:

**Ryan Henry**
**State Bar No. 240073447**
**Fed. ID. No. 22968**

**Charles Willette**
**State Bar No. 21509700**
**Fed. ID. No. 1937**

**WILLETTE & GUERRA, L.L.P.**
**International Plaza**
**3505 Boca Chica Blvd., Ste. 460**
**Brownsville, Texas 78521**
**Telephone: (956) 541-1846**
**Facsimile: (956) 541-1893**

Plaintiff:

**William J. McCarthy**
**State Bar No. 13372500**

**Oxford, Oxford & Gonzalez**
**116 S. 12th Street**
**Edinburg, Texas 78539**
**Telephone: (956) 383-5654**
**Facsimile: (956) 381-1002**

**Thomas M. Thomson**
**State Bar No: 19963280**
**Fed. Id. No. 14409**

**Law Offices of Thomas M. Thomson**
**200 East Cano**
**Edinburg, Texas 78539**
**Telephone: (956) 380-6706**
**Facsimile: (956) 380-6593**

Signed on June 4, 2001

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893
Attorney for Defendants

By: _____
Ryan Henry
State Bar No. 24007347
Fed ID. No. 22968

6

Mr. Thomas M. Thomson
Law Offices of Thomas M. Thomson
200 East Cano
Edinburg, Texas 78539
Telephone:  (956) 680-6706
Facsimile:  (956) 380-6593

By: _____
        Thomas M. Thomson
        State Bar No.   19963280
        Fed Id. No.

7

Case 1:01-cv-00023 Document 17 Filed in TXSD on 06/05/2001 Page 8 of 8

Mr. Thomas M. Thomson
Law Offices of Thomas M. Thomson
200 East Cano
Edinburg, Texas 78539
Telephone: (956) 680-6706
Facsimile: (956) 380-6593

By: _____
Thomas M. Thomson
State Bar No. 19963280
Fed Id. No.

7