IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN 3 0 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Kelly Wayne Watson, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-01-23 |
| | § | |
| County of Willacy, et al., | § | |
| | § | |
| Defendants. | § | |

ORDER

BE IT REMEMBERED that on January 30, 2002, the Court considered the Defendants' Motion for Summary Judgment [Dkt. No. 20]. For the reasons that follow, the Court **GRANTS** the motion.

I.   Introduction

Plaintiff originally filed this suit in the 138th District Court in Willacy County, Texas [see Dkt. No. 1, ex. 1]. The suit alleged that in June of 1999 a member of the Willacy County Sheriff's Department entered Plaintiff's premises without his permission and without a warrant. Id. at 2. The Original Petition alleged that the officer allowed Sheryl Kay Reynolds to enter and remove various articles without the permission of Plaintiff. Id. Plaintiff then brought suit under 42 U.S.C. § 1983, alleging violations of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. Id. at 2-3.

Thereafter, Defendants timely removed the suit to this Court invoking federal question jurisdiction [see Dkt. No. 1]. In their answer, Defendants denied the factual allegations in Plaintiff's Original Petition, denied that any trespass occurred, and denied any Constitutional violations [see Dkt. No. 3]. Attempts at alternative dispute resolution failed [see Dkt. No. 13]. On May 10, 2001, the Court granted Defendants' Motion to Compel Rule 7(a) Reply [see Dkt. No. 14].[1] The Court found that Plaintiff's Original

---

[1] In the same Order, the Court also granted Defendants' Partial Motion to Dismiss. This Order dismissed Plaintiffs' claims for Fifth Amendment violations.

Petition did not contain sufficient detail to resolve Defendant Spence's assertion of the defense of qualified immunity and ordered Plaintiff to file the Rule 7(a) Reply by June 11, 2001. Id. at 2. To date, Plaintiff has not filed the Rule 7(a) Reply. Nor has Plaintiff amended the pleadings to dismiss Defendant Spence as Plaintiff's attorney indicated to the Court would be done at the initial pretrial conference held on June 18, 2001 [see Dkt. No. 18]. On October 12, 2001, Defendants filed their Motion for Summary Judgment [Dkt. No. 20]. To date, Plaintiff has not responded to this motion.

## II.   Standard for Ruling on a Summary Judgment

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the nonmoving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). See Hunt v. Cromartie, 526 U.S. 541, 552 (1999). The party making a summary judgment motion has the initial burden of informing the court of the basis for their motion and identifying those portions of the pleadings and discovery documents which demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Colson v. Grohman, 174 F.3d 498, 506 (5th Cir.1999). If the moving party meets this burden, the nonmovant then must designate specific facts showing there is a genuine issue for trial to survive summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994); C.F. Dahlberg & Co., Inc. v. Chevron U.S.A., Inc., 836 F.2d 915, 920 (5th Cir.1988). Summary judgment is appropriate if the nonmovant fails to set forth specific facts, by affidavits or otherwise, to show there is a genuine issue for trial. See Topalian v. Ehrman, 954 F.2d 1125, 1132 (5th Cir. 1992); Marsh v. Austin-Fort Worth Coca-Cola Bottling Co., 744 F.2d 1077, 1079 (5th Cir.1984). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. Celotex, 477 U.S. at 322-23.

## III. Uncontroverted Facts

Following the termination of their relationship in June of 1999, Sheryl Kay Reynolds contacted the Willacy County Sheriff's Department to assist her in retrieving her belongings from Plaintiff's home [see Dkt. No. 20, exs. A ("Affidavit of Sheryl Kay Reynolds"), D ("Deposition of Erik P. Lopez"), and F ("Affidavit of Dan Cavazos"). The Willacy County Sheriff's Department customarily accompanies individuals like Ms. Reynolds to assist them in removing their belongings when there is the possibility of a domestic disturbance. Id., ex. F. Ms. Reynolds states that she was afraid for her personal safety. Id., exs. A and D. Deputy Sheriff Erik P. Lopez escorted Ms. Reynolds to Plaintiff's house. Id., exs. D and F. Ms. Reynolds advised Deputy Lopez that she had permission to be at the premises and produced a key that she states Plaintiff had given her. Id., exs. A, D, & F. Deputy Lopez did not assist Ms. Reynolds in entering the house. Id., ex. A. Thereafter, Ms. Reynolds removed certain items that belonged to her from the house. Id. exs. A, D, and F. Deputy Lopez required Ms. Reynolds to produce receipts for all the items she removed from the house to establish her ownership and did not permit her to remove items that she could not show were hers. Id.

## IV. Analysis

As an initial matter, because the Plaintiff did not file the Rule 7(a) Reply as ordered by the Court [see Dkt. No. 14] and because the Original Petition alleges no facts that would suggest otherwise, the Court finds that Defendant Spence was protected by qualified immunity.

Next, the Court finds that Defendants have met their burden of showing there is no issue of material fact at issue. See Hunt, 526 U.S. at 552. Even viewing all the evidence in the light most favorable to Plaintiff, Defendants' Motion for Summary Judgment [Dkt. No. 20] is sufficiently supported by affidavits, depositions and exhibits to demonstrate that there is no material fact at issue. Because Plaintiff never provided a Rule 7(a) Reply and never responded to Defendants' Motion for Summary Judgment, the Court has only the brief set of allegations in the Plaintiff's Original Petition to

3

consider. The Court finds that Defendants' pleadings and exhibits adequately demonstrate that the Willacy County Sheriff's Department assistance to Ms. Reynolds did not rise to the level of a "search" under the Fourth Amendment to the United States Constitution, nor was any intrusion unreasonable considering the County's concern for preventing a domestic disturbance while also allowing Ms. Reynolds the opportunity to retrieve her property. See U.S. v. York, 895 F.2d 1026, 1028 (5th Cir. 1990)(police officers' limited entry and assistance in removing possessions where there was a threat of domestic disturbance held not a search, but simply a "community caretaking function"). Plaintiff has also failed to show that a policy, custom, or practice on the part of Defendants caused any constitutional violation as required by 42 U.S.C. § 1983.

Further, Plaintiff has failed to respond to Defendants' written discovery sent to Plaintiff on July 12, 2001 [see Dkt. No. 20 at 18-20]. This discovery material included requests for admission which are now taken as admitted by the Court pursuant to Fed. R. Civ. P. 36(a).[2] The Court therefore finds that Plaintiff has failed to meet his burden

---

[2] The relevant requests for admission [see Dkt. No. 20 at 19] are:

Request For Admission No. 3
Admit you have no evidence, information or belief to support your contention that the Willacy County Sheriff's Deputy entered your premises illegaly.

Request For Admission No. 4
Admit you have no evidence, information or belief to support your assertion that the entry upon your premises on the date in question was made without probable cause.

Request For Admission No. 5
Admit that a portion of the property removed from your premises on the date in question belonged to Sheryl Kay Reynolds.

Request For Admission No. 6
Admit you have no evidence, information or belief to support your allegation the County of Willacy has a policy, custom or practice which allows illegal entry onto individual premises.

Request For Admission No. 7
Admit you have no evidence, information or belief to substantiate the entering of the Plaintiff's property was an arbitrary action on any part of any government official.

of showing that a material fact is at issue in the case and therefore **GRANTS** summary judgment to the Defendants.

DONE at Brownsville, Texas, this 30th day of January 2002.

Hilda G. Tagle
United States District Judge

5